Our last case for the morning is Belger v. Collins and, Counselor Niles, you have reserved three minutes of your time for rebuttal. Yes, Your Honor. All right, you may begin. Thank you, Your Honors, and may it please the Court. The Veterans Court erred in this case because it may not invoke issue exhaustion to bar consideration of an issue that an appellant has presented to VA's Board of Veterans' Appeals, and once an appellant presents an issue to the Board, that issue remains presented. That is so no matter whether it is the Board's first time deciding that issue or after any number of orders of vacater and remand from the Veterans Court for the Board to decide that issue again. You're talking about the matter of the July, of the January 29, 2020 letter. Yes, Your Honor. That's what we're talking about. Yes, Your Honor. I guess it's Appendix 24. That's exactly correct. So you're saying that that was not considered, that letter was not considered by the Board, is that correct? It was not considered by the Board in the decision underlying this appeal. And so it was considered by the Board in the decision, or the 2020 decision, or whether it was or not doesn't matter. Speak up a little bit. Oh, yes, Your Honor. I apologize. So in January 2020, Mr. Belger argued for 2002 effective dates for his service-connected headaches and psychiatric condition. The Board then issued a 2020 decision that the Veterans Court later vacated. When on remand from the Veterans Court, the issue of earlier effective date than 2017 returned to the Board for headaches and for the psychiatric condition, that issue that Mr. Belger had raised in January 2020 remained presented to the Board. The Board failed to address it. And so when Mr. Was Mr. Belger? I, Mr. Belger did not argue the 2000. It was a limited remand, right? The Veterans Court specific, and it was a joint motion. So you all agreed, let's remand this to the Board to look at X. And now you're saying the Board also should have looked at Y. The Board didn't preclude you from looking at Y, did it? It just said, it just didn't address it because you didn't ask it to look at Y. The Board did not address it. And if the Board had said that we are not addressing it because you did not tell us to look at it, that would have been a different facts. Why wouldn't the Board comply with the order from the Court that says we're remanding this for the limited purpose of X, which is what the parties agreed to? Why would the Board issue a decision on stuff that it already addressed? Full credit to the Board. The Board is in a very difficult position. It has to, it gets over 100,000 appeals per year. And they do their best, but they do make mistakes. And this is an error, a situation. Just look at it this way. Just because of the workload that you talk about, it seems to me that that would compel a lawyer representing a veteran before a hearing like this to make the arguments. But it wasn't argued. It wasn't argued before the Board. So what's the Board supposed to do? Just come up with its own arguments and try to make sure it argues every applicable issue that comes before it? No, Your Honor. And that is, my understanding is that that is the interpretation of the Carter case that the Veterans Court applied in this case. This is different, right? So in Carter, you had a Board decision come out. There were issues A and B argued. Went up to the Veterans Court, remanded. There was no additional arguments raised before the Board. And then appealed back up to the Veterans Court. And for the very first time before the Veterans Court, you had issues C, D, and E argued. That's one set of facts. Here, by contrast, you have the earlier effective date, effective date earlier than 2017 for the headaches and for the psychiatric condition that were before the Board and argued going back to 2002 in January 2020. And that entitlement to retroactive to 2002 remained before the Board then in 2021. Now, the joint motion for partial remand. Hadn't the Board ruled against you on that? In 2020 in the vacated decision. And because it was vacated. So they ruled against you. No, but this is the problem. They didn't, they sent it back for a limited purpose, which didn't include looking at that part of the 2020 decision, right? No, Your Honor. And so the reason why. Well, where in the remand does it say reconsider that conclusion too? The joint motion for partial remand, the reason why it was a partial remand instead of a full remand is that the Board in 2020 had remanded an issue and had made favorable findings. And these are in different claims. As far as the issue of entitlement to an effective date before 2017, there's no limitation on the Board's obligation to reconsider at the earliest effective date that the law allows prior to 2017. If the parties had agreed to excuse the Board from revisiting the 2002 to 2004 period, the way that the joint motion for partial remand would have read would be that Mr. Belger agrees to dismiss or does not challenge the part of the Board's decision that denied entitlement to an effective date from 2002 to 2004. And the parties then. But you didn't re-argue it. Clearly, the limited motion to remand doesn't necessarily constrain the Board from reaching other issues. But you at least have to raise it to them, don't you? No, Your Honor. And that's the fundamental position here. That once an argument, once an issue has been presented to the Board. And so they have to issue a new decision even though the Veterans Court didn't say anything about it. You didn't say to re-look at it. It's not part of the case anymore. They've got to reach back and to look at all the documents that have been filed before them that they've made decisions on and reconsider them and reissue a new decision when there's a remand so that you can challenge them to the Veterans Court. Isn't it your obligation to say this is still alive too and we want you to consider it? In this unique proclaimant system, it is not. It is instead the Board's duty. And to this extent, it's not in the briefs, but 38 CFR section 20.104C said if the Board has concerns that something is properly before it for decision in terms of having jurisdiction, it has to write to the appellant and give the appellant a 60-day opportunity to respond to hearing on that issue. What about the fact that you filed after the remand decision, you filed a motion for reconsideration and the Board came back I guess February of 2022 and addressed this January 29, 2020 letter that you're complaining about, you're saying was not addressed. So what's the problem? I mean, you eventually got a decision and a motion for reconsideration that was directed at what you're saying hadn't been addressed. In Meyer v. Brown, M-A-Y-E-R v. Brown, 37 F. 3rd, 618, a 1994 decision of this case, of this court, this court held that rulings on Board reconsideration, there are rulings by the Board Chairman. They are not reviewable before the Veterans Court or higher. And there is a very meaningful distinction at the Board between the initial Board decision and the Board Chairman's decision as to whether to grant reconsideration. The Board Chairman... And they're not reviewable by us, right? That's correct. That's correct. And the scope of what the Board is deciding on whether to grant reconsideration is very limited. The Board is not looking at error at all, but instead merely for obvious error or a violation of due process, errors of that severe nature. And so a denial of reconsideration, which is not reviewable as any judicial review under Meyer v. Brown, that's not the same thing as if the Board had granted reconsideration, issued a new decision, and in that new decision then spoke to the 2002 effective dates. Okay. The... I understand the court has no more questions at this time. I will just very quickly revisit the joint motion for partial remand and why it is so important here that something like 75% to 80% of appeals before the Veterans Court resolve through joint motion for remand or joint motion for partial remand. It is absolutely the grease that is necessary for the Veterans Court to go about doing its business. And the background against which appellants enter into those joint motions is that, number one, they are agreed upon negotiated instruments. And here you have a 17-page joint motion. The parties were able to provide so much instruction to the Board on so many issues, but when they cannot reach agreement as to one particular issue or one particular instruction, right now the Veterans Court, they would have to throw away the entire joint motion and litigate the entire case, every single issue to judgment. And... I don't understand this. The whole point is this is what you all agreed to address on remand, but it didn't preclude you from raising other things. If the Veterans Court had said, well, the only thing the Board could address was the items in the joint motion to remand and you raise the other issues that you still thought needed to be addressed and the Board didn't do it and the Veterans Court said they didn't have to, then you'd have a good legal argument. They didn't say it was preclusive. They just said you didn't raise it again so the Board had no reason to address it. Why didn't you raise it again if you wanted a new Board decision on it? I do not know. I was not representative at the time. It was, my understanding, it was a non-attorney representative on remand, Disabled American Veterans, and you can see that in the copy of the Board decision that is up record. But in terms of what had to be argued, I would invite the Court to look at joint appendix page 55. That is the penultimate page. Page 55? Page 55. Is this a new argument you're making? No, Your Honor. It's an argument that is brief and this is the page in the joint appendix. I know it's brief, but was it argued below? Oh, no, Your Honor. So, page 55 of the appendix is the page in the joint motion for partial remand that vacated the part of the 2020 Board's decision that says that the Board has to address all evidence and argument of record. Now, if that joint motion for partial remand... Mr. Nash, you're into your rebuttal time. Do you want to continue or you can save it? I believe I have 45 seconds left, so I do just want to continue to one point and then I will say. The parties could have agreed to limit, to confine the Board's analysis to the evidence... But you didn't raise it. You didn't raise it. If this is the position you want us to adopt, the VA will stop agreeing to all joint remand motions forever because they're not going to say, we agree to remand on these issues because we think something needs to address. It goes down and it comes back up on appeal and you're raising entire new arguments that the Board didn't address. They'll never agree to remands again. I would respectfully disagree, Your Honor, because this is limited to an argument that had been presented to the Board before the vacated decision, and if the Board were concerned, it could ask for additional briefs. In this, again, you need to... It didn't know to ask for additional briefs because you didn't raise the issue to them. It didn't even know you wanted it decided. And I understand that, Your Honor, I disagree, and for the sake of the remaining panel members, the Board should have known because it was presented to the Board in January 2020. I am into my rebuttal time. Okay, I think we have your argument. Thank you. Thank you. Good morning, ma'am. Please, the Court. The Board was not required to address Mr. Belger's argument on remand. It had no reason to know that he still had any dispute at all. It could have addressed it if he'd raised it, or they could have sua sponte raised it, probably.  If the Veterans Court had held they were precluded from raising it or addressing it because of the limited nature of the joint remand, that would probably be legal here, wouldn't it? It very well could be. Depending on what the remand says, but with this remand. It very well could be, but in this case, Mr. Belger had an express right to present additional arguments to the Board on remand. That was expressed in the joint motion for remand. And his representative, he was represented by counsel the entire time, relevant time. His representative submitted a brief titled issues presented for review that did not contain any argument about 2002 effective dates. Consistent with the specific issues identified in the joint motion for remand, the parties identified other arguments about effective dates that they wanted the Board to address on remand. And Mr. Belger presented those arguments to the Board on remand. The Board did address his argument in April 2020. It had no reason to believe that the party remained in dispute. The party cited two portions of his January 2020 letter in the joint motion for remand that they wanted the Board to address. They did not cite the portions of that letter that identified his argument about 2002 effective dates. Is it your position that we have no jurisdiction over this appeal? Well, I think what this ultimately boils down to is a dispute about the Board's factual finding of effective dates. In our view, the Board did address his argument, repeatedly addressed his argument, both in April 2020 in the initial decision. And he concedes that the Board addressed the argument at that time. But the Board's explanation on remand was the same as in the April 2020 decision, that the effective dates for secondary conditions can be no earlier than the date that the VA receives the claim for those conditions. And the Board explained that on remand again, explained it in the denial of his motion for reconsideration. I think this dispute is really about the Board's finding over when he first presented a claim for effective dates, which is a factual dispute. So that's our position. Okay. We thank you for your argument. Mr. Farnell, you have a little over two minutes. Thank you, Your Honor. May it please the Court. I did not hear any argument that had not already been addressed in the briefs or through the questions from the panel or presentation this morning. And so unless this Court has any further questions for Mr. Belger, I will yield the remainder of my time. Thank you very much. Thank you.